# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL PURCELL,**

        **Plaintiff,**

-vs-                                                           **Case No. 6:08-cv-1784-Orl-31DAB**

**GINN DEVELOPMENT COMPANY, LLC;
GINN-LA HAMLET, LLC; GINN-
BRIARROSE HOLDINGS GP, LLC;
GINN-LA BRIARROSE HOLDINGS, LTD,
LLLP; LA BRIARROSE LENDER LLC;
CECC-BRIARROSE LAND COMPANY,
INC.; JEFF F. DAVIS; COUNTRY
ESTATE & CLUB COMMUNITIES, LLC
and BRIAN DAVIS,**

        **Defendants.**

_____

# ORDER

      This matter comes before the Court on the Motion to Dismiss (Doc. 15) filed by Ginn Development Company, LLC; Ginn-LA Hamlet, LLC; Ginn-BriarRose Holdings GP, LLC; and Ginn-LA BriarRose Holdings, Ltd., LLLP (collectively, the "Ginn Defendants"). Defendant LA BriarRose Lender, LLC ("BriarRose Lender") has joined in the motion. (Doc. 26). The Court has also considered the response (Doc. 29) filed by the Plaintiff, Michael Purcell ("Purcell"), and the reply (Doc. 34) filed by the Ginn Defendants and BriarRose Lender.

      Purcell has brought the instant case pursuant to the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. §§ 1701-1720. Under the ILSA, developers are required to make certain disclosures to individuals, such as Purcell, who purchase lots in a subdivision. The ILSA defines

"developer" as "any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision." 15 U.S.C. § 1701(5).

Purcell bought two lots in a real estate project known as "The BriarRose" from Defendant CECC-BriarRose Land Company, LLC ("CECC-B"). (Doc. 1-2 at 1, 24). CECC-B therefore appears to qualify as a "developer" for purposes of the ILSA. In addition, Purcell states that "Ginn is the developer of a real estate project called the BriarRose.". (Doc. 1 at 5). However, "Ginn" is defined in the complaint as every single defendant, which suggests that all nine defendants sold (or offered to sell) the lots to Purcell. This is nonsensical, particularly in light of Purcell's admission, elsewhere in the complaint, that Defendants CECC-B, Country Club & Estate Communities, Inc., Jeff Davis and Brian Davis developed the property (Doc. 1 at 8) and that the Ginn Defendants acquired the BriarRose *after* his purchases (Doc. 1 at 11). Moreover, Purcell fails to plead any facts that support this conclusory legal assertion, at least as to the Defendants that have filed the instant motion.

In his response to the motion to dismiss, Purcell abandons his claim that BriarRose Lender or any of the Ginn Defendants was a "developer" for purposes of the ILSA (Doc. 29 at 9), instead relying on his assertion in the Complaint that "Ginn assumed the assets and liabilities of the development as set forth in the Declaration of Covenants, Conditions, and Restrictions for The BriarRose". (Doc. 1 at 11).[1] However, the Ginn Defendants point out that the Declaration of Covenants, Conditions, and Restrictions (Doc. 15-3) contains no such assumption of liability, a

---

[1]This further demonstrates the absurdity of defining "Ginn" as "all of the defendants." Given that "Ginn" is also alleged to be the developer, this translates to an assertion that all of the defendants (as subsequent purchaser) assumed the liabilities of all of the defendants (as developer).

point Purcell does not dispute in his response. Moreover, although Purcell properly lists the four exceptions to the general rule that a corporation that purchases the assets of another corporation does not normally assume its debts (Doc. 29 at 11-12), he does not even assert that any of those exceptions apply in the instant case much less point to any facts alleged in the complaint that would support such a conclusion. As such, his conclusory legal assertions that the Ginn Defendants and BriarRose Lender were also "developers" for purposes of the ILSA cannot stand.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 15) filed by Ginn Development Company, LLC; Ginn-LA Hamlet, LLC; Ginn-BriarRose Holdings GP, LLC; and Ginn-LA BriarRose Holdings, Ltd., LLLP, and joined by LA BriarRose Lender, LLC is **GRANTED**, and the claims against these defendants are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 30, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party