**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL PURCELL,

                Plaintiff,

-vs-                                       Case No. 6:08-cv-1784-Orl-31DAB

GINN DEVELOPMENT COMPANY, LLC;
GINN-LA HAMLET, LLC; GINN-
BRIARROSE HOLDINGS GP, LLC;
GINN-LA BRIARROSE HOLDINGS, LTD,
LLLP; LA BRIARROSE LENDER LLC;
CECC-BRIARROSE LAND COMPANY,
INC.; JEFF F. DAVIS; COUNTRY
ESTATE & CLUB COMMUNITIES, LLC
and BRIAN DAVIS,

                Defendants.
_____

## ORDER

      This matter comes before the Court on the Motion to Dismiss (Doc. 27) filed by Defendants Country Estate & Club Communities, LLC ("CECC"), CECC-BriarRose Land Company, Inc. ("CECC-B"), Jeff Davis and Brian Davis, and the response (Doc. 28) filed by the Plaintiff, Michael Purcell ("Purcell"). All four defendants contend that this Court lacks personal jurisdiction over them, and they further contend that the Plaintiff has selected an improper venue for this case.

**I.    Background**

      Purcell, a resident of Ireland, bought two lots in a Georgia real estate project known as "The BriarRose" from Defendant CECC-B. (Doc. 1-2 at 1, 24). According to Purcell, The

BriarRose was initiated by CECC-B, CECC and the Davises, but was subsequently acquired by Defendant Ginn-LA Hamlet LLC. (Doc. 28 at 2). Purcell also states that Defendants Ginn Development Company, LLC, Ginn-Briarrose Holdings GP, LLC, and Ginn-LA Briarrose Lender, LLC "were instrumental in the acquisition and operation of The BriarRose development." (Doc. 28 at 2).

Purcell contends that the Defendants violated the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. §§ 1701-1720, by, *inter alia*, failing to provide him with certain documents prior to the sale. Defendants CECC-B and CECC are Georgia entities, Brian Davis is a resident of Georgia (Doc. 27-3), and Jeff Davis is a South Carolina resident (Doc. 27-2).

## II. Standard

An assessment of personal jurisdiction requires a two-part analysis. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). The Court must first determine whether there is a basis for jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). If the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must then consider whether the defendant's contacts with the state of Florida are sufficient to satisfy the due process clause of the Fourteenth Amendment such that maintenance of the suit in Florida does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 315-17, 90 L. Ed. 95, 66 S. Ct. 154 (1945); *Venetian Salami Co.*, 554 So. 2d at 502.

The Plaintiff has the initial burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). If the Plaintiff presents enough evidence to withstand a motion for directed

verdict, the *prima facie* case is established. *Id.* Where the Defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction, unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Id.* When the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Id.*

**III.    Analysis**

**A.  CECC and CECC-B**

Purcell contends that the Court possesses *in personam* jurisdiction over Defendants CECC and CECC-B pursuant to Fla. Stat. § 48.193(2), which gives a court authority over a defendant "who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise . . . whether or not the claim arises from that activity." In the complaint, Purcell alleges that CECC and CECC-B subjected themselves to the jurisdiction of the Florida courts under this provision "by entering into contracts with Florida residents for the sale of real estate located in Georgia, and by entering into financing contracts for [their] Georgia properties with Fifth Third Bank in Florida." (Doc. 1 at 3). The Georgia companies' entry into contracts with Florida residents for the sale of Georgia real estate suggests that activity occurred in Georgia, not Florida, and does not help Purcell. The ambiguous assertion that the companies entered into finance contracts with a bank in Florida suggests, at most, isolated activity, not the substantial activity required under Section 48.192(3).

Purcell, who has not sought additional discovery on this point, attempts to bolster his jurisdictional case by relying on two press releases. One, dated June 26, 2006, announces that "[a]

total of 35 families from locations including New York, Florida, California, Atlanta and as far away as Manchester, U.K." purchased homes within the BriarRose. (Doc. 28-2 at 1). The press release also invites prospective purchasers (necessarily including those who live in Florida) to visit the website for the BriarRose. (Doc. 28-2 at 1). The second, dated August 15, 2007, announces that "Florida-based resort and real estate developer Ginn Resorts . . . has acquired the real estate holdings of Atlanta-based developer BriarRose Land Company." (Doc. 28-2 at 2).

Assuming that this hearsay may properly be considered in the context of this motion, it does not support the exercise of jurisdiction over CECC and CECC-B. Again, the fact that these companies entered into contracts with Florida residents for the sale of Georgia real estate suggests activity occurred in Georgia, not Florida. Inviting the entire world (including Florida residents) to visit your website is not "activity in Florida". And having your Georgia real estate holdings bought out by a Florida-based company, standing alone, does not suggest that you engaged in activity in Florida.

The Plaintiff has failed to establish a *prima facie* case as to the exercise of jurisdiction over Defendants CECC and CECC-B.

**B.     Jeff Davis and Brian Davis**

Purcell contends that this Court possesses personal jurisdiction over Jeff Davis and Brian Davis pursuant to Florida Statute § 48.193(1)(c), which provides jurisdiction over defendants who own, use, possess or hold a mortgage or other lien on any real property in Florida. The Davises have filed affidavits in which they state that they "do not own, use, possess or hold a mortgage or other lien on real property in the State of Florida." (Doc. 27-2 at 2, Doc. 27-3 at 2). In response, Purcell offers to "submit for in camera inspection given the sensitive nature of the document, a

property report evidencing property held in Florida by Defendant J. Davis" and argues that, because Brian Davis is the son of Jeff Davis, "he presumably used the property in Florida owned by his father." (Doc. 28 at 2). Purcell's explanation for his failure to produce the alleged evidence is unavailing; and even if he had produced the property report, it would not support an assumption that Brian Davis had used the property. More importantly, Section 48.193(1) only permits the exercise of jurisdiction over a defendant for a cause of action *arising from* the enumerated acts, and the ILSA claim asserted in this case did not arise from the ownership or use of any Florida property.

As was the situation with the Georgia companies, Purcell has failed to establish a *prima facie* case for the exercise of jurisdiction over Jeff Davis or Brian Davis. Because the Court concludes that it lacks personal jurisdiction over these defendants, it will not consider their assertion that venue is improper.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 27) filed by Defendants Country Estate & Club Communities, LLC, CECC-BriarRose Land Company, Inc., Jeff Davis and Brian Davis is **GRANTED IN PART** and **DENIED IN PART**. The claims against these defendants are

**DISMISSED** due to a lack of personal jurisdiction, and the motion to dismiss due to improper venue is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 30, 2009.

*[signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party